# United States District Court
## Southern District Of Florida
### West Palm Beach Division

00 - 142

CIV-MIDDLEBROOKS

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

**ELLIOTT NED,**

CASE NO.

**Plaintiff,**

**vs.**

**ST. LUCIE COUNTY SHERIFF, ROBERT C. "BOBBY" KNOWLES, JOSEPH GUERTIN KRISTI RICE, AILSNO GARCIA, CHRISTOPHER BENTLEY, HARRY SECSSIONS, WILLIAM McMAHAN, SINDAY LONG, WILLIE PERRY, and the COUNTY OF ST. LUCIE, FLORIDA,**

**Defendants.**

_____/

## COMPLAINT

The plaintiff, Elliott Nedd, sues the defendants, St. Lucie County Sheriff, Robert C. "Bobby" Knowles, Joseph Guertin, Kristi Rice, Ailsno Garcia, Christper Bentley, Harry Secssions, William McMahan, Sinday Long, Willie Perry, and the County of St. Lucie, Florida and alleges:

### JURISDICTION

1. This is an action for civil rights violations under 42 U.S.C. Section 1983. Jurisdiction is vested in the United States District court pursuant to 42 U.S.C. Section 1331 and Section 1343(a)(4).

1

**VENUE**

2.　The parties are residents of or had their place of empolyment where the events concerning this action occured in St. Lucie County, Florida.

3.　Defendant St. Lucie County is a political subdivision of the State of Florida.

4.　Venue is laid in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. Section 1391(b).

**PARTIES**

5. Plaintiff is a party who alleges damages caused by the action of the defendants, in the course of the handling of their arrests, resulting in a violation of plaintiffs' civil rights.

6.　Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles is elected to serve the County of St. Lucie.

7.　Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles is a constitutional County officer, whose edicts or acts represent official policy of the defendant County of St. Lucie in matters of law enforcement.

8.　Defendant Robert C. "Bobby" Knowles is undert Florida law is personally responsible for the action of all Deputy Sheriffs under his command, as holder of the office of Sheriff in the State of Flroida.

2

9.     Defendant Robert C. "Bobby" Knowles is responsible for any damages caused by any Deputy Sheriff under his command, as holder of the office of sheriff.

10.    Defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry are St. Lucie County Deputy Sheriffs under the command of defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and were involved in the arrest, transport or processing of the plaintiff.

11.    Defendant County of St. Lucie, Florida controls approval and funds the office of St. Lucie County Sheriff, for defendant Robert C. "Bobby" Knowles. Defendant County of St. Lucie, Florida exercises budgetary control and supervision over the defendant Robert C. "Bobby" Knowles, St. Lucie County Sheriffs, as part of their responsibilities to effect policies concerning the safety and welfare of the people of St. Lucie County, Florida.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS**
**(Fourth Amendment)**

12.    At all times relevant to this complaint, defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acted in concert, with the acquiesence of  defendants Robert C. "Bobby" Knowles, St. Lucie County Sheriffs and the County of St. Lucie, Florida.

3

13.    Plaintiff Elliott Nedd repeats the allegations of paragraphs 1 through 11 of the complaint, as if set forth at length.

14.    On May 19, 1996, the defendant Joseph Guertin arrested the plaintiff on a warrant for an alleged failure to appear on a misdemenanor driving while license suspended charge in St. Lucie County Court.

15.    Defendant Joseph Guertin arrested the plaintiff on the warrant, despite the fact that the warrant was for another individual and the plaintiff so advised Defendant Joseph Guertin.

16.    Defendant Joseph Guertin transported the plaintiff to the St. Lucie county Jail, operated by defendanta Robert C. "Bobby" Knowles and the County of St. Lucie.

17.    While at the St. Lucie County Jail, defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry were involved in the processing of the plaintiff while in custody.

15.    The defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry did batter the plaintiff while in their custody.

16.    Defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry ar-

4

rested or participated in the arrest of the plaintiff Elliott Nedd and charged him with battery on a law enforcmeent officer and threatsa to a public servant.

17.   The charges of battery on a law enforcmeent officer and threats  to a public servant were made falsely, without probable cause and with the purpose of covering up the battery those defendant's commited upon the plaintiff.

18.   Defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry maliciously commenced those charges for the primary purpose of injuring the plaintiff Elliott Nedd, by depriving plaintiff Elliott Nedd of his freedom by arresting plaintiff, booking, jailing and charging plaintiff with criminal offenses.

19.   Plaintiff Elliott Nedd demanded and was to receive a jury trial on the charges battery on a law enforcmeent officer and threats. to a public servant, but those charges were dismissed on the day of trial by the office of the State Attorney on February 18, 1997.

20.   The proceedings commenced by the defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry were later terminated in favor of the plaintiff, by dismissal on the day of trial by the office of the State Attorney on February 18, 1997

21.   Plaintiff Elliott Nedd's name was published in the local newspapers as a result of the arrest.

5

22.     Defendants' Joesph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions were an arrest without probable cause and without a warrant, resulting in a severe restriction on the plaintiff Elliott Nedd's personal mobility, in violation of plaintiff Elliott Nedd's rights against unreasonable search and seizure, in violation of the Fourth Amendment of the Constitution of the United States of America.

23.     Defendants, Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry, were acting under color of law and within the scope of their appointment as Deputy Sheriff's of the St. Lucie County Sheriff's Office and the County of St. Lucie when they maliciously prosecuted plaintiff Elliott Nedd.

24.     As a result of plaintiff Elliott Nedd's arrest and malicious prosecution, plaintiff Elliott Nedd was damaged as follows:

a)     Plaintiff Elliott Nedd suffered injury to reputation and health, suffered great shame, humiliation, mental anguish and hurt feelings, from the time of arrest through the rest of his life.

b)     Plaintiff Elliott Nedd was required to incur and costs of a bail bondsman.

c)     Plaintiff Elliott Nedd suffered a loss of freedom by being arrested and jailed until July 2, 1996.

d)      Plaintiff Elliott Nedd suffered a loss of freedom and income from being compelled to appear in court at numerous pretrial appearances until the charges were dismissed by the State Attorney of the Nineteenth Judicial Cirucit oif the State of florida on February 17, 1997.

e)      Plaintiff  Elliott Nedd's employment opportunities were damaged and he suffered loss of income from the date of arrest through the present and into the future.

25.    Defendants' Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions caused loss and injury to the plaintiff Elliott Nedd which showed conscious indifference to the rights of plaintiff Elliott Nedd by their actions.

26.    The right to be free of unreasonable searches and seizures, including maliciously prosecuting persons in violation of the Fourth Amendment was a clearly established right, which defendants Peter Shaw, Greg Geeting and James Cromer disregarded, ignored and violated.

27.    Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry knew or reasonably should have known that the malicious prosecution of the plaintiff  Elliott Nedd, taken under color of law and within the sphere of their official responsibility, would violate plaintiff  Elliott Nedd Fourth Amendment rights.

28.    Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry violated plaintiff Elliott Nedd's Fourth Amendment rights, with malicious intent to cause a deprivation of those rights.

29.    Plaintiff Elliott Nedd by the defendants' actions, has been forced to retain the undersigned attorney to vindicate his rights.  Plaintiff Elliott Nedd is indebted to that attorney for a reasonable fee.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 against defendants, Robert C. "Bobby" Knowles Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry and the County of St. Lucie, Florida.

## COUNT II
## VIOLATION OF CIVIL RIGHTS

### (Fourth Amendment)
### (Defendant St. Lucie County Sheriff)

30.    Plaintiff Elliott Nedd repeats the allegations of paragraphs 1 through 34 of the complaint, as if set forth at length.

31.    Defendants' Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles, by failure to take any action against the defendant deputies for their acts.

32.    Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles showed conscious indifference to the rights of plaintiff  Elliott Nedd by their action of ignoring the conduct of defendant deputies.

33.    Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles by law is personally responsible for the action of his deputies and failed to take any responsibility for their actions.

34.    The right to be free of unreasonable searches and seizures, including maliciously prosecuting persons in violation of the Fourth Amendment was a clearly established right, which defendant St. Lucie County Sheriff Robert Crowder, through defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry disregarded, ignored and violated.

35.    Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles knew or reasonably should have known that the malicious prosecution of the plaintiff  Elliott Nedd, by the defendandt deputies, taken under color of law and within the sphere of their official responsibility, would violate plaintiff  Elliott Nedd's Fourth Amendment rights.

41.    Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles, through defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry violated plaintiff

Brian Keith Schmidt's Fourth Amendment rights, with malicious intent to cause a deprivation of those rights.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 in excess of the minimal jurisdictional limits of this Court against defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles.

### COUNT III
### VIOLATION OF CIVIL RIGHTS

(Fourth Amendment)
(Defendant St. Lucie County)

42.     Plaintiff Elliott Nedd repeats the allegations of paragraphs 35 through 41 of the complaint, as if set forth at length.

43.     Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant County of St. Lucie, Florida, by failure to make any reasonable inquiry or take any action against defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and the defendant deputies for those defendants' acts.

44.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and the County of St. Lucie, Florida, showed conscious indifference to the rights of plaintiff  Elliott Nedd by their action of ignoring the conduct of defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William

10

McMahan, Sinday Long and Willie Perry toward the plaintiff Brian Keith Schmidt.

45.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles by law is personally responsible for the action of his deputies, and defendant St. Lucie County has an obligation to oversee and supervise the officials and the office it funds.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 against defendant St. Lucie County, Florida.

### COUNT IV
### VIOLATION OF CIVIL RIGHTS
(Fourth Amendment)

46.     Plaintiff Elliott Nedd repeats the allegations of paragraphs 1 through 11 of the complaint, as if set forth at length.

47.     Plaintiff Elliott Nedd repeats the allegations of paragraphs 12 through 21 of the complaint, as if set forth at length.

48.     There was no legal basis for restraining plaintiff, by the beating, arresting, booking and jailing, by the defendant deputies.

49.     Defendants' Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions of the arrest, booking and jailing of the plaintiff Elliott Nedd were intentional.

50.    Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry by the arrest, booking and jailing of the plaintiff Elliott Nedd caused the restraint of the plaintiff .

51.    The restraint of the plaintiff Elliott Nedd was complete, commencing with a brutal beating, followed by handcuffing, transportation to the St. Lucie County jail, booking and jailing in the St. Lucie County Jail, indefinitely or until such time as the plaintiff Elliott Nedd was able to post bail.

52.    The restraint and false imprisonment of plaintiff by defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry was against the will of plaintiff Elliott Nedd.

53.    Defendants' Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions were an arrest without probable cause and without a warrant, resulting in a severe restriction on the plaintiff Elliott Nedd's personal mobility, in violation of plaintiff Elliott Nedd's rights against unreasonable search and seizure, in violation of the Fourth Amendment of the Constitution of the United States of America.

54.    Defendants, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry, were acting under color of law and within the scope of their appointment as Deputy Sheriffs of the

St. Lucie County Sheriff's Office and the County of St. Lucie, Florida, when they falsely imprisoned plaintiff Elliott Nedd.

55. As a result of plaintiff Elliott Nedd's beating, plaintiff Elliott Nedd was damaged as follows:

a) Plaintiff Elliott Nedd suffered injury to reputation and health, suffered great shame, humiliation, mental anguish and hurt feelings, from the time of arrest through the rest of his life.

b) Plaintiff Elliott Nedd suffered a loss of freedom and income from being compelled to appear in court at numerous pretrial appearances until the charges were dismissed by the State Attorney of the Nineteenth Judicial Cirucit oif the State of florida on February 17, 1997.

c) Plaintiff Elliott Nedd suffered a loss of freedom by being arrested and jailed.

d) Plaintiff Elliott Nedd suffered a loss of freedom and income from being compelled to appear in court at numerous pretrial appearances and appearance at a jury trial and incurring expenses in appearing.

e) Plaintiff Elliott Nedd's personal business was damaged and he suffered loss of income from the date of arrest through the present and into the future.

56. Defendants' Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions caused loss

and injury to the plaintiff Elliott Nedd which showed conscious indifference to the rights of plaintiff Elliott Nedd by their actions.

57.    The right to be free of unreasonable searches and seizures, including falsely arresting and imprisoning persons in violation of the Fourth Amendment was a clearly established right, which defendant deputies disregarded, ignored and violated.

58.    Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry knew or reasonably should have known that the false arrest of the plaintiff, taken under color of law and within the sphere of their official responsibility, would violate plaintiff Elliott Nedd's Fourth Amendment rights.

59.    Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry violated plaintiff Elliott Nedd's Fourth Amendment rights, with malicious intent to cause a deprivation of those rights.

60.    Plaintiff  Elliott Nedd by the defendants' actions, has been forced to retain the undersigned attorney to vindicate his rights.  Plaintiff  Elliott Nedd is indebted to that attorney for a reasonable fee.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988

against defendants Joseph Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry.

### COUNT V
### VIOLATION OF CIVIL RIGHTS

(Fourth Amendment)
(Defendant St. Lucie County Sheriff)

61.     Plaintiff Elliott Nedd repeats the allegations of paragraphs 46 through 60 of the complaint, as if set forth at length.

62.     Defendants' Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles, by failure to take any action against the defendant deputies for their acts after becoming aware of the actions of the defendant deputies.

63.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles showed conscious indifference to the rights of plaintiff Elliott Nedd by their action of ignoring the conduct of the defendant deputies toward the plaintiff Elliott Nedd.

64.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles by law is personally responsible for the action of his deputies, and failed to take any responsibility for their actions.

65.     The right to be free of unreasonable searches and seizures, including maliciously prosecuting persons in violation of the Fourth Amendment was a clearly established right, which defendant Knowles, through defendants

15

James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry disregarded, ignored and violated.

66.   Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles knew or reasonably should have known that the malicious prosecution of the plaintiff Elliott Nedd, by the defendant deputies, taken under color of law and within the sphere of their official responsibility, would violate plaintiff Elliott Nedd's Fourth Amendment rights.

67.   Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles, through defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry violated plaintiff's Fourth Amendment rights, with malicious intent to cause a deprivation of those rights.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 against defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles.

### COUNT VI
### VIOLATION OF CIVIL RIGHTS

(Fourth Amendment)
(Defendant St. Lucie County)

68.   Plaintiff Elliott Nedd repeats the allegations of paragraphs 61 through 67 of the complaint, as if set forth at length.

69.     Defendants Jame Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant County of St. Lucie, Florida, by failure to make any reasonable inquiry or take any action against defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and his predecessor in office or defendants Peter Shaw, Greg Geeting and James Cromer for those defendants' acts.

70.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and the County of St. Lucie, Florida, showed conscious indifference to the rights of plaintiff  Elliott Nedd by their action of ignoring the conduct of defendants James, Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry toward the plaintiff Brian Keith Schmidt.

71.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles by law is personally responsible for the action of his deputies and defendant St. Lucie County, Florida, has an obligation to oversee and supervise the officials and the office it funds.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 against defendant St. Lucie County, Florida.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS

### (Fourth Amendment)

72.    Plaintiff Elliott Ned repeats the allegations of paragraphs 1 through 11 of the complaint, as if set forth at length.

73.    Plaintiff Elliott Nedd repeats the allegations of paragraphs 12 through 18 of the complaint, as if set forth at length.

74.    Defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry intentionally came in physical contact with the plaintiff  Elliott Nedd.

75.    As a result of and in the course of the arrest, plaintiff was subjected to excessive force by a brutal beating at the hands of the defendant deputies.

76.    As a result of and in the course of the arrest, not only was plaintiff Elliott Nedd subjected to a brutal beating with weapons and martial arts techniques, at the hands of the defendant deputies, with harmful and offensive contact, but one or more of the defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie .

77.    Plaintiff Elliott Nedd did not consent to the excessive force used in his beating administered by the defendant deputies.

78.    Defendants' James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions were an arrest without probable cause and without a warrant, resulting

in a severe restriction on the plaintiff Elliott Nedd's personal mobility, in violation of plaintiff Elliott Nedd's rights against unreasonable search and seizure, in violation of the Fourth Amendment of the Constitution of the United States of America.

79.    Defendants, James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry, were acting under color of law and within the scope of their appointment as Deputy Sheriffs of the St. Lucie County Sheriff's Office and the County of St. Lucie when they battered and brutally beat plaintiff Elliott Nedd.

80.    Defendants' James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and his predecessor in office, by failure to take any action against the defendant deputies.

81.    Defendants' James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant County of St. Lucie, Florida, by failure to make any reasonable inquiry or take any action against defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles.

82.    As a result of the battery on plaintiff Elliott Nedd, plaintiff Elliott Nedd was damaged

83.   Defendants' James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry actions caused loss and injury to the plaintiff Elliott Nedd which showed conscious indifference to the rights of plaintiff  Elliott Nedd by their actions.

84.   Defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry, showed conscious indifference to the rights of plaintiff  Elliott Nedd by their actions toward the plaintiff Elliott Nedd.

85.   The right to be free of unreasonable searches and seizures, including excessive force, in violation of the Fourth Amendment was a clearly established right, which defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry disregarded, ignored and violated.

86.   Defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry knew or reasonably should have known that the battery and use of excessive force on the plaintiff  Elliott Nedd, taken under color of law and sphere of their official responsibility, would violate plaintiff's Fourth Amendment rights.

87.   Defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry vio-

lated plaintiff Elliott Nedd's Fourth Amendment rights, with malicious intent to cause a deprivation of those rights.

88.    Plaintiff Elliott Nedd by the defendants' actions, has beenforced to retain the undersigned attorney to vindicate his rights. Plaintiff Elliott Nedd is indebted to that attorney for a reasonable fee.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 against defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry.

## COUNT VIII
## VIOLATION OF CIVIL RIGHTS

(Fourth Amendment)
(Defendant St. Lucie County Sheriff)

89.    Plaintiff Elliott Nedd repeats the allegations of paragraphs 72 through 88 of the complaint, as if set forth at length.

90.    Defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and his predecessor in office, by failure to take any action against defendants Peter Shaw, Greg Geeting and James Cromer for their acts, after Plaintiff Brian Keith Schmidt filed a complaint and requested an internal affairs investigation.

91.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles showed conscious indifference to the rights of plaintiff  Elliott Nedd by their action of ignoring the conduct of defendants Peter Shaw, Greg Geeting and James Cromer toward the plaintiff Elliott Nedd.

92.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles by law is personally responsible for the action of his deputies, defendants Peter Shaw, Greg Geeting and James Cromer and failed to take any responsibility for their actions.

93.     The right to be free of unreasonable searches and seizures, including maliciously prosecuting persons in violation of the Fourth Amendment was a clearly established right, which defendant St. Lucie County Sheriff Robert Crowder, through defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry disregarded, ignored and violated.

94.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles knew or reasonably should have known that the battery on the plaintiff  Brian Keith Schmidt, by defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry, taken under color of law and within the sphere of their official responsibility, would violate plaintiff  Elliott Nedd's Fourth Amendment rights.

95.   Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles, through defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry violated plaintiff Brian Keith Schmidt's Fourth Amendment rights, with malicious intent to cause a deprivation of those rights.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles.

### COUNT IX
### VIOLATION OF CIVIL RIGHTS

(Fourth Amendment)
(Defendant St. Lucie County)

96.   Plaintiff Elliott Nedd repeats the allegations of paragraphs 89 through 95 of the complaint, as if set forth at length.

97.   Defendants Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry acts were later ratified by defendant County of St. Lucie, Florida, by failure to make any reasonable inquiry or take any action against defendant St. Lucie County, Florida, Sheriff Robert C. "Bobby" Knowles or defendants James Guertin, Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William McMahan, Sinday Long and Willie Perry for those defendants' acts.

98.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles and the County of St. Lucie, Florida, showed conscious indifference to the rights of plaintiff  Elliott Nedd by their action of ignoring the conduct of defendants James Guertin Kristi Rice, Ailsno Garcia, Christopher Bentley, Harry Scessions, William, McMahan, Sinday Long and Willie Perry toward the plaintiff Brian Keith Schmidt.

99.     Defendant St. Lucie County Sheriff Robert C. "Bobby" Knowles by law is personally responsible for the action of his deputies, and defendant St. Lucie County, Florida, has an obligation to oversee and supervise the officials and the office it funds.

WHEREFORE, Plaintiff, Elliott Nedd, demands compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1988 against defendant St. Lucie County, Florida.

John J. Anastasio, Esq.
Suite 202
10570 South U.S. Hwy. One
Port St. Lucie, Florida 34952
(561) 337-0555
Florida Bar #0722367
Attorney for the plaintiff

# United States District Court
# Southern District Of Florida
# West Palm Beach Division

ELLIOTT NED,

                                                   **CASE NO.**

         **Plaintiff,**

vs.

ST. LUCIE COUNTY SHERIFF, ROBERT C. "BOBBY" KNOWLES, KRISTI RICE, AILSNO GARCIA, CHRISTPER BENTLEY, HARRY SECSSIONS, WILLIAM McMAHAN, SINDAY LONG, WILLIE PERRY, and the COUNTY OF ST. LUCIE, FLORIDA,

         **Defendants.**

_____/

## JURY DEMAND

The plaintiff, Elliott Nedd demands a trial by jury as to all issues so triable.

_____

John J. Anastasio, Esq.
Suite 202
10570 South U.S. Hwy. One
Port St. Lucie, Florida 34952
(561) 337-0555
Florida Bar #0722367
Attorney for the plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ELLIOTT NEDD

**DEFENDANTS**

ROBERT C. KNOWLES and
COUNTY OF ST. LUCIE

00-1422

CIV-MIDDLEBROOKS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   St. Lucie
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

FRANK J. LYNCH, JR.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John J. Anastasio, Esq.
10570 South U.S. Highway One, Suite 202
Port St. Lucie, Florida 34952

ATTORNEYS (IF KNOWN)   UNITED STATES MAGISTRATE JUDGE

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
     Plaintiff

☒ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☐ 4 Diversity
     (Indicate Citizenship of Parties
     in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 1983 for false arrest and excessive force and false imprisonment

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN
COMPLAINT:**

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☒ YES   ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**

JUDGE _____

DOCKET NUMBER _____

DATE

7/26/00

SIGNATURE OF ATTORNEY OF RECORD

John J. Anastasio

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____